**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| James Bruce Squires, | Civil No. 10cv762 PAM /JJK |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

James Bruce Squires, #28047-004, Federal Medical Center, PMB 4000, Rochester, MN 55903-4000, *pro se*.

Gregory G. Brooker and Mary J. Madigan, Assistant United States Attorneys, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on a Petition of James Bruce Squires for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The case has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons discussed below, this Court recommends that Petitioner's Petition for Habeas Corpus relief be denied.

## BACKGROUND

Petitioner James Bruce Squires is a federal inmate incarcerated at the Federal Medical Center in Rochester, Minnesota. He is 79 years old and is now in the 19th year of a 30-plus year sentence. Petitioner claims that he is being

unlawfully detained because the Bureau of Prisons ("BOP")[1] wrongfully decided that he was ineligible for early release on home detention under the Elderly Offender Program ("EOP") of the Second Chance Act ("SCA").  42 U.S.C. § 17541(g)(i)(A).

Petitioner is serving a 30 year, 5 month, and 27 day aggregate prison term, followed by five years of supervised release, imposed by Judge Paul of the United States District Court, Northern District of Florida, for Conspiracy to Import More Than 1000 Kilograms of Marijuana, More Than 1 Kilogram of Hashish Oil, and More Than 5 Kilograms of Cocaine, in violation of 21 U.S.C. §§ 952, 963, 841, and 846, and by Judge Ryskamp of the United States District Court, Southern District of Florida, for Conspiracy to Import Cocaine into the United States, Importation of Cocaine into the United States, Conspiracy to Possess with Intent to Distribute Cocaine, and Possession of Cocaine in violation of 21 U.S.C. §§ 952(a), 963, 960(a)(1), 960(b)(1)(b), 841(a)(1), and 846, and in violation of 18 U.S.C. § 2.  (Doc. No. 4, Decl. of Angela Buege ("Buege Decl.") ¶ 3).  Petitioner has a projected release date of October 16, 2017, via Good Conduct Time release.  *Id.*

Petitioner alleges that he is being detained unlawfully by the BOP in violation of the Elderly Offender of the Second Chance Act Program which

---

[1]  Respondent points out that the warden of FMC Rochester, B.R. Jett, not the United States of America, should have been named as the respondent in this matter. Because this Court dismisses Petitioner's habeas petition on the merits, it does not address whether the United States should be removed as a party and warden Jett substituted as the proper respondent.

directs that the BOP conduct a pilot program to determine the effectiveness of placing certain elderly offenders on home detention until the expiration of their term of imprisonment. (Doc. No. 1, ("Petition") at 4 of 8.) He contends that he should have been eligible for the Program because he is more than 65 years old and he has served more than 10 years in prison. (*Id.*) The BOP, however, concluded that he was not eligible for the program because he had not yet completed 75% of his 30 year sentence. Petitioner argues that the BOP has incorrectly interpreted the eligibility requirement for the EOP. As relief, he requests the Court to determine that he should have been eligible for placement in the EOP. (*Id.* at 8 of 8.)

## ANALYSIS

The SCA directs the Attorney General to conduct a pilot program "to determine the effectiveness of removing eligible elderly offenders from a BOP facility and placing them on home detention" until their term of confinement expires. 42 U.S.C. § 17541(g)(1)(A). The EOP is to be conducted during the fiscal years 2009 and 2010 at one or more BOP facilities. 42 U.S.C. § 17541(g)(3). The EOP has several eligibility requirements, one of which is that an elderly offender must have "served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." 42 U.S.C. § 17541(g)(5)(A)(ii) (emphasis added).

To be considered an "eligible elderly offender" for purposes of this program, an inmate must satisfy two sets of statutory eligibility requirements. The first set concerns the nature of the crime for which the inmate is incarcerated and his criminal history. The offender must: (1) not be less than sixty-five years of age; (2) have served the greater of 10 years or 75 percent of the term of imprisonment imposed at sentencing; (3) be serving a term of imprisonment, that is not life imprisonment, based on an offense that does not include any crime of violence, sex offense or other offense enumerated in the statute; (4) not have been convicted in the past of any Federal or State crime of violence, sex offense, or other offense enumerated in the statute; and (5) have no history of escape or attempted escape from a BOP institution. 42 U.S.C. § 17541(g)(5)(A)(i)-(iii), (v); (Doc No. 4, Buege Decl. ¶¶ 3-6, Ex. B.)

The second set of requirements mandate the BOP to make specific judgments and findings relating to an individual inmate to determine "whether the inmate is appropriate to participate in the pilot program." 42 U.S.C. § 17541 (g)(5)(A). Thus, for an inmate to be eligible, the BOP must determine that the inmate: (1) does not have a history of violence, sex offenses or other offenses described in the statute, based on information the BOP uses to make custody classifications and "in the sole discretion of the BOP;" (2) being released to home detention will result in a substantial net reduction of costs to the federal government; and (3) is at no substantial risk of engaging in criminal conduct or

endangering any person or the public if released. 42 U.S.C. § 17541(g)(5)(A)(iv), (vi)-(vii).

Here, Petitioner cannot satisfy the first set of eligibility requirements. (Doc. No. 4, Buege Decl. ¶ 7, Ex. C). Although he is 79 years of age and has served more than 10 years, he has not served 75 percent of his sentence. (*Id.* ¶¶ 5, 7, Ex. A, C.) Petitioner began serving his sentence on June 19, 1992, and received 452 days of jail credit toward his sentence, and he had only served 68% of his sentence by the time this action was filed. (*Id.* n.1, Ex. A at 3.)

"The Supreme Court has 'stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.' " *U.S. v. I.L.*, 614 F.3d 817, 820 (8th Cir. 2010) (quoting *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992)). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.' " *Id.* (quoting *Rubin v. United States,* 449 U.S. 424, 430 (1981)).

Here, Petitioner's interpretation and application of § 17541 is inconsistent with the plain, unambiguous language of the statute. Section § 17541(g)(5)(A)(ii) specifically provides that an "eligible elderly offender" must have "served the *greater of* 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." 42 U.S.C. § 17541(g)(5)(A)(ii). This means that an inmate like Petitioner who has served 10 years in prison but not 75 percent of his term is not eligible. If, as Petitioner contends, eligibility was based only on serving 10 years, even when 10 years was less than 75 percent of the total term,

5

the statute would not contain the term "the greater" of the 10 years or 75 percent of the sentence term.  Rather, it would simply provide that the elderly offender must have served 10 years *or* 75 percent of the term imposed.  But it didn't.  The BOP's interpretation of § 17541 is consistent with the plain language of the statute.  Therefore, the BOP correctly determined that Petitioner does not qualify for the pilot program because, although he has served over 10 years of his 30-plus-year sentence, he has not yet served 75% of that sentence.

     Even if Petitioner had met the first criteria for eligibility (i.e., if he had served the greater of 10 years or 75 percent of his sentence) he would still not necessarily be entitled to the relief he seeks.  The statutory language charges the Attorney General with administering the EOP, and the BOP has the authority and the discretion to determine whether an inmate who meets the first set of requirements satisfies the second set of requirements concerning whether the inmate is an appropriate candidate to participate in the program.  Here, Petitioner suffers from very severe health problems (he contends that he is bed-ridden, needs a mechanical lift to get out of bed, and requires constant care and nursing assistance) and it is doubtful whether he could obtain the necessary level of care, which he is now receiving at one of the nation's premier medical institutions, at a "home detention" facility at anything other than extraordinary cost.  This suggests that even assuming Petitioner met the basic eligibility requirement of having served 75% of his sentence—which he did not—there is no guaranty that the

BOP would exercise its discretion to place him on home detention for the approximately seven years left on his sentence.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition (Doc. No. 1) be **DENIED**; and

2. This case be **DISMISSED WITH PREJUDICE**.


Dated: January 18, 2011

                                        *s/ Jeffrey J. Keyes*
                                        JEFFREY J. KEYES
                                        United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 1, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.